UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>         Plaintiff,<br>v.<br>DULCE LLASMIN ZAZUETA-ACOSTA,<br>         Defendant. | Case No.: 15CR926-LAB-1 and 16CV2533-LAB<br><br>**ORDER DENYING PETITION UNDER 28 U.S.C. 2255** |

  Pursuant to a plea agreement, Petitioner Dulce Llasmin Zazueta-Acosta pled guilty to one count of conspiracy to distribute methamphetamine, and was sentenced to 120 months' imprisonment followed by 10 years' supervised release. In her plea agreement, she waived appeal and collateral attack, other than claims based on ineffective assistance of counsel. (Docket no. 29 (Plea Agreement) at 12:3–20.)

  She then filed a motion under 28 U.S.C. § 2255. Apparently, realizing she had waived all other claims, she has labeled all her claims as based on ineffective assistance of counsel. The things she contends her counsel should have done, however, are either things her counsel had no power to do, or things her counsel did do.

Petitioner first claims the government promised her that she would receive a safety valve adjustment pursuant to U.S.S.G. 2D1.1(b)(16). (Docket no. 42 at 4.) Although she labels this an ineffective assistance of counsel claim, the only thing she says her counsel did wrong was to fail to ensure that the Court gave her the benefit of safety valve. (*Id.*) She does not claim she was misled into pleading guilty or agreeing to the plea agreement, or that she did not understand it. She is not seeking to set aside the plea agreement or withdraw her plea. Instead, she asks the Court to resentence her, giving her the benefit of the promises she claims the government made to her. (*Id.*)

The record shows Petitioner's representations are incorrect. Even assuming, *arguendo*, she was told or believed she was told she would definitely receive the benefit of safety valve, she was disabused of that misapprehension when she was presented with the plea agreement, which she understood and signed. The record shows that, as of the time she agreed to plead guilty, she knew she was not being promised safety valve during sentencing. *See* Plea Agreement at 8:6–21 (confirming that sentence was within the judge's sole discretion, that the plea agreement was not binding on the Court, and that no promises as to the sentence were being made); 8:22–9:19 (setting conditions for the government's recommendation of safety valve, and explaining that Petitioner might not qualify for it); 15:1–6 (representing that Petitioner read the agreement, discussed it with counsel, and fully understands it). *See also* Docket no. 27, ¶ 18 (Magistrate Judge's findings that Petitioner's guilty plea was made knowingly and voluntarily, and did not result from any promises other than those made in the plea agreement).

Petitioner knew the government might not recommend safety valve. And in any event she knew her counsel had no power to ensure that the Court gave it. And in this case, it was not warranted; she did not qualify for it because of her role
/ / /

in the offense. (*See* Docket no. 34 (Defendant's Sentencing Memorandum) at 2:11–12.)

She also says that both her counsel and the government assured her that she would be sentenced under the new drug guidelines. She believes this did not happen, and that she is entitled to a two-level reduction under Amendment 782, which became effective November 1, 2014. The fact is, both counsel did calculate her guidelines using the manual she says they promised to use. (*See* Docket nos. 35, 37.) Petitioner imported 4,962 grams of actual meth. (*See* Docket no. 29 at 4:16–20 (Plea Agreement admitting Petitioner imported over 4.5 kilograms of actual methamphetamine and her base level offense was 38) and 37 (Government's sentencing summary chart giving the amount as 4,962 grams of actual methamphetamine). So, under the guidelines as amended by Amendment 782, her base level offense was 38. That is what both sides told the Court it was. (*See* Docket nos. 35, 37.) In other words, counsel for both sides did exactly what Petitioner claims they said they would.

Finally, Petitioner claims her own counsel was ineffective for failing to make sure she would be able to participate in the "FBOP Drug Program or alternative." (Docket nos. 42 at 6.) She admits the Court made that recommendation. (*Id.*; *see also* Docket no. 41 at 2 (Court's recommendation to Bureau of Prisons that Petitioner be evaluated to participate in Residential Drug Assessment Program).) Petitioner's counsel has no power to have the Bureau of Prisons admit her to this program; not even the Court has that power. Petitioner's counsel was not ineffective for failing to do the impossible.

The record shows that Petitioner's counsel was not ineffective, and Petitioner is entitled to no relief. The Petition is **DENIED**.

/ / /

/ / /

/ / /

Because she has not made a substantial showing of violation of her constitutional rights, a certificate of appealability is also **DENIED**. See 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED**.

Dated: April 2, 2018

*Larry A. Burns*
Hon. Larry Alan Burns
United States District Judge